IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASANDRA L SCULLEY,

                Plaintiff,                            OPINION & ORDER

v.

                                                                    13-cv-180-wmc

CAROLYN COLVIN,
Commissioner for Social Security,

                Defendant.

---

    Pursuant to 42 U.S.C. § 405(g), plaintiff Casandra L. Sculley seeks judicial review of a final decision of the Commissioner of Social Security, which found she was not disabled within the meaning of the Social Security Act. Sculley principally contends that the court must remand because Administrative Law Judge John H. Pleuss ("ALJ"): (1) erred in ignoring the opinion of Dr. Maureen Leahy, a treating physician; and (2) improperly analyzed Sculley's claim for disability based on her fibromyalgia. For the reasons set forth below, the court will remand the case to the Commissioner for further proceedings.

FACTS

**I. Background**

    On March 9, 2012, the ALJ issued a decision denying Sculley's application for Supplement Security Income ("SSI"). (AR 24.)[1] Sculley filed a timely request for review by the Appeals Council, which also denied her request for benefits, making the

---

[1] The cites in this Order are drawn from the Administrative Record. (Dkt. #7.)

ALJ's decision the final determination of the Commissioner. (AR 1.) Sculley then filed a timely complaint for judicial review pursuant to 42 U.S.C. § 405(g).

At the time of the ALJ decision, plaintiff Sculley was a 29-year-old woman alleging disability based primarily on mental health impairments. These impairments date back to the late 1990s where Scully was admitted to the hospital for suicidal ideation. (AR 1128-1135.) More recently, in 2010, she had a "series of nervous breakdowns" and was diagnosed with bipolar disorder. (AR 899.) This is well summarized in Sculley's brief. Dkt. 11 at 2-4.

## II. Relevant Medical Evidence

In addressing Sculley's medical impairments as her treating physician, Dr. Leahy noted that she had:

> Medically documented history of a chronic organic mental, Schizophrenic . . . or affective disorder of at least 2 years duration that has caused more than a minimal limitation of ability to do any basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following: A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate.

(AR 1031.)

Dr. Leahy further opined that Sculley met Listing 12.04 under the "C" criteria. (AR 1031.) If Dr. Leahy's opinion were followed, remand would be required because the assessment would result in a finding of "disabled" under Listing 12.04. Even if the ALJ had good grounds to discount or reject her opinion, plaintiff further argues that remand

is required by SSR 96-2p and 20 CFR 416.927 because the ALJ provided no insight into how much, if any, weight he gave Dr. Leahy's opinion.

OPINION

When a federal court reviews a final decision by the Commissioner of Social Security, the findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

Here, however, the ALJ erred as a matter of law in considering (or perhaps failing to consider) Dr. Leahy's opinion, despite her position as Sculley's treating physician. Such an error requires a remand. The court will not, however, go as far as to direct an award of benefits at this juncture. To do so would be premature as the court cannot step into the shoes of the ALJ and credit Dr. Leahy's report. Indeed, until the ALJ explains why he gave no weight to Dr. Leahy's opinion (if that is what he did), as opposed to why he doubted Sculley's credibility, there is very little for this court to review.

I. The ALJ's Rejection of Dr. Leahy's Opinion

The ALJ devotes all of two paragraphs to Dr. Leahy's decision:

> The claimant did not seek specialized mental health treatment

> until January 2010, and she misrepresented her mental health and drug use status at that appointment. She sought only seven 15-minute follow-up appointments after the initial evaluation with Dr. M. Leahy. She had no specialized mental health treatment after October 2010. One would expect that if she was continuing to experience disabling symptoms, she would continue to pursue treatment. She also claimed to be drug free and did not report her ongoing drug use to her mental health provider. This is despite the fact that the claimant testified at the hearing that she continued to abuse drugs until about April 2011 (Exhibits 14F/1-6; 31F).

(AR 31.) The ALJ also noted that Sculley's:

> misuse of medication has led to her changing treatment providers frequently. For example, after not reporting her marijuana use to her psychiatrist, Dr. M. Leahy, all prescription substances that were addictive were indefinitely discontinued. Soon after Dr. Leahy told this to the claimant, she discontinued treatment with Dr. Leahy.

(*Id.*)

The parties agree that Dr. Leahy qualifies as a treating physician, but dispute whether the ALJ complied with the relevant regulations in considering what deference should be afforded to Dr. Leahy's opinion. As a starting point, when an ALJ "chooses to reject a treating physician's opinion [as controlling, he] must provide a sound explanation for the rejection." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). That explanation must allow a reviewing court to conclude that the ALJ actually "weighed the merits of [a source's] opinion [and] engaged in the careful analysis required by the regulations and case law." *Id.*

To properly frame the ALJ's analysis here, the regulations provide a checklist of factors to facilitate his legal reasoning and explanation of the evidence. These factors help the ALJ determine what weight to afford medical opinions in the record, as well as

4

provide transparency for judicial review.  *See* SSR 96-2p; 20 CFR 416.927.  On appeal, the Commissioner cannot cure deficiencies in the ALJ's explanation by supplying his own evaluation of a medical opinion, nor is it appropriate for this court to engage in its *own* analysis of the factors -- "what matters are the reasons articulated *by the ALJ*."  *Jelinek*, 662 F.3d at 812 (emphasis in original).

Here, the ALJ fails to explain how he actually "weighed the merits" of Dr. Leahy's opinion, if at all.  *Id.* at 811.  He also failed to "engage[] in the careful analysis required by the regulations and case law."  *Id.*  Indeed, "there is no explanation of what weight was actually given to [Dr. Leahy's] opinion as required by the Social Security rules," which is itself grounds to remand.  *See Tapia v. Astrue*, No. 11-cv-970, 2012 WL 3100380, at *9 (E.D. Wis. July 30, 2012); *see also Edgar v. Astrue*, No. 09-cv-264, 2010 WL 56024, at *10 (W.D. Wis. Jan. 6, 2010)  ("If the administrative law judge did not  assign controlling weight to [a treating source's] opinion, then he was required to say how much weight he was giving it and to provide 'good reasons' for that weight.").[2]

Although the ALJ referred derisively to Sculley's responses to Dr. Leahy's questions posed during her psychiatric evaluation in January 2010 -- and seven, additional 15-minute follow up appointments -- it was based on findings that Sculley misrepresented her drug use and cut short her treatment, not on any deficiencies in Dr.

---

[2] In paragraph 20 C.F.R. § 416.927, the Social Security Administration also provides examples of the kinds of factors that an administrative law judge *must* consider when evaluating the findings of State agency medical and psychological consultants or other program physicians and psychologists.  [SSA] also clarif[ied] that administrative law judges are required to explain in their decisions the weight given to any opinion of a State agency medical or psychological consultant or other program physician or psychologist, as they must do for any opinions from treating sources, nontreating sources, and nonexamining sources who do not work for us."  65 FR 11866-02.

Leahy's credentials, the thoroughness of her evaluation (regardless of any effort by Sculley to obfuscate) or the quality of her report. (AR 31.) These factors would all tend to bolster the weight afforded to Dr. Leahy. For example, making mere mention of a credential as a psychiatrist is not enough; what's required is some acknowledgement of how each factor weighs 'for or against' the crediting of the opinion. *See* 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Because the ALJ has failed to do this, the court must remand for further consideration.[3]

Placing a further spotlight on the ALJ's failure to afford any apparent weight to Dr. Leahy's opinion as a treating physician is the stark contrast with his analysis of the medical opinions of Dr. Peter. (AR 32). With Peter, the ALJ afforded "little weight" to the opinions and provided sufficiently sound reasons for doing so, allowing the court to review what weight was afforded to the opinion (and why). Of course, the ALJ need not specifically mention every piece of evidence in the record, but he "may not cherry-pick

---

[3] The factors to be considered include:
1. whether the doctor has an examining relationship with the plaintiff;
2. whether the doctor has a treating relationship with the plaintiff, which also incorporates the length, nature, and extent of the relationship;
3. how well supported the doctor's opinion is by relevant evidence;
4. how consistent the doctor's opinion is with the record as a whole;
5. whether the doctor has a relevant specialization; and
6. any other factors that tend to support or contradict the opinion.

20 C.F.R. § 404.1527(c). If an ALJ does not properly analyze these factors and afford weight to an opinion, remand is warranted. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (remanding when "the ALJ failed to determine the weight to be accorded [a doctor's] opinion in accordance with Social Security Administration regulations").

facts to support a finding of non-disability while ignoring evidence that points to a disability finding." *Goble v. Astrue*, 385 F. App'x 588, 593 (7th Cir. 2010). A failure to give any weight to a treating physician's opinion is cherry-picking.

Similarly, the ALJ's flat conclusion that Sculley did not meet paragraph C criteria because she "has not shown a medically documented history of a chronic affective disorder of at least two years duration" flies directly in the face of Dr. Leahy's contrary medical opinion with *no* explanation for his rejecting that opinion. Even if the court agreed that this was ultimately for the ALJ to decide whether or not Sculley met the criteria, his apparent conclusion that her failure to see a psychiatrist until March of 2010 is an absolute demarcation line to begin crediting "a medically documented history of a chronic affective disorder" at least merited some discussion, particularly when Sculley's treating physician expressly noted entries in her medical history that supported a long-term diagnosis of "a chronic organic mental, Schizophrenic, etc., or affective disorder of at least 2 years duration." By itself, the ALJ's failure to address, much less explain why he gave no weight to, this finding by Sculley's treating physician is obviously grounds to remand, but so too is the implication that the ALJ was qualified to reject Dr. Leahy's opinion based on the ALJ's own, unqualified opinion to the contrary. *Clifford v. Astrue*, 227 F.3d 863, 870 (7th Cir. 2000) ("[A[n ALJ must not substitute his own judgment for a physician's opinions without relying on other medical evidence or authority in the record.").

7

**II. Sculley's Remaining Issues**

Sculley also argues that (1) the ALJ's assessment of Sculley's credibility is flawed; and (2) the ALJ improperly considered Sculley's statements related to fibromyalgia. These two issues overlap, but having already found legitimate grounds for remand, the court need not address them further. *See Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011) ("These flaws are enough to require us to remand [and] [w]e therefore needn't decide whether the reasons the ALJ gave in support of her adverse credibility finding . . . were so 'patently wrong' as to separately require remand."). At this point, the court only encourages the ALF to weigh any findings as to Sculley's credibility.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Casandra Sculley's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 23rd day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge